AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| ERNEST RICHARD OESTRIKE | Case Number: 09-30411 |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -   that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
☐ an offense for which the maximum sentence is life imprisonment or death.
☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

Defendant is an 81 year old man who is accused of sexually molesting a 7 year old girl and manufacturing photographs (child pornography) of the sexual acts.  Specifically he is charged with using a minor to engage in, or having a minor assist him in engaging in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 USC 2251(a).  Defendant has no prior criminal arrests and no active warrants.   (CONTINUED ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 7, 2009 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**USA V ERNEST RICHARD OESTRIKE**                                                                                      Page 2

The photographs involved depict an adult male in a dark blue shirt wearing light grey pants sitting with his penis exposed through the unzipped opening of his pants while the young 7 year old girl kneels between his legs and grasps the adult male's penis with her left hand and holds it up to her mouth and kisses the tip of the adult male's penis.  The second photograph shows the same male sitting with his penis exposed through his unzipped pants with his left hand propping up his penis while what appears to be a child's left hand grasping the adult male's penis.  The adult male depicted is alleged to be the defendant.

The defendant is divorced and appears to be totally estranged from all family members which include three sons (he has no contact with two sons and has only rare contact with his third son). The third son has reported that if released, his father CANNOT stay with him at his home and he is not welcome at the home of his two other sons either.  Defendant is retired, and seems to have no family ties but has lived in the community for 40 years.

Defendant states that he takes only two medications: Synthroid pills for a thyroid condition and insulin pills for adult late onset diabetes.  No other medical conditions have been confirmed. He is not visibly ill or physically incapacitated.

Defendant self reports that he suffers from dementia or Alzheimers, but then also volunteers that he does not listen to his doctors. He appears to take no medications for this condition.  His mental competency is an issue, in view of the nature of the facts alleged in this case, which involve allegations of sexual abuse and boundary issues.  There is concern as to  whether or not he understands the nature and consequences of the alleged actions, and whether or not he can be held to understand and follow orders that might be set by the court. It is not at all clear to this court that this Defendant actually does suffer from dementia.

The Defendant asks that he be allowed to be placed on bond, return to his home on a tether, and be ordered to home confinement as conditions of bond. Third party custody is not an option because this defendant has no relationship or regular contact with any family member or relative, and no suitable persons were suggested to the court who could act as a responsible third party custodian.  Alternatively he asks that he be placed in a halfway house with a tether.  Release of this Defendant to his home where he lives alone, especially when he has no contact whatsoever with any family member, and where he is not able to be supervised, is not appropriate. The other proposed option of a Half-way house is equally inappropriate. Half-way houses are not secure facilities, but rather they are semi-secure facilities from which a defendant can walk away.

Because Defendant is viewed as a danger to the community, placement in a semi-secure half-way
house is not an option because it would give him the opportunity to flee, particularly if he does indeed have mental competency issues, which would in turn endanger the community.

This defendant may be 81 years old, but he is not 81 and harmless.  He is alleged to have sexually molested a 7 year old girl, and there are corroborating pictures of the alleged acts.  This court believes that there are no conditions of bond that would adequately insure the safety of the

USA V ERNEST RICHARD OESTRIKE                                                              Page 3

community or this defendant's appearance in court.  This court adopts the recommendations of Pretrial Services as they are presented in the reports dated October 2, 2009 and October 7, 2009 respectively.

Therefore Detention is ordered. This court is requesting that the Bureau of Prisons undertake the responsibility of having a mental status examination completed on this defendant as soon as possible with the court's concerns as articulated above addressed.