**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                      **CRIMINAL ACTION NO. 09-30411**

        vs.                              **MAGISTRATE JUDGE MONA K. MAJZOUB**

**ERNEST OESTRIKE, D-1**

        **Defendant.**
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISCHARGE
DEFENDANT PURSUANT TO 18 U.S.C. § 4246(e) AND ORDERING DEFENDANT'S
HOSPITALIZATION AND CONTINUED TREATMENT IN A SECURE FACILITY
PURSUANT TO 18 U.S.C. § 4246(d)**

This matter is before the Court on the Motion to Discharge Defendant Pursuant to 18 U.S.C. § 4246(e), filed by Defendant Ernest Oestrike on August 11, 2010. (Docket no. 11). In the motion, defense counsel requests that Defendant Oestrike be discharged from custody of the Department of Justice and into the care and custody of his family and/or social welfare agencies pursuant to 18 U.S.C. § 4246(e).

Defendant Oestrike was charged on October 2, 2009 in a Criminal Complaint with using a minor to assist in engaging in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). (Docket no. 1). The criminal charge is based on Defendant's alleged creation of photographs depicting a seven-year-old minor holding and placing her mouth on the Defendant's penis at the time Defendant Oestrike was eighty-two years of age. On January 27, 2010 the Court conducted a competency hearing in open court on the

1

government's Motion for Temporary Commitment. (Docket no. 8). The following day the Court granted the government's motion by written order, finding by a preponderance of the evidence that Defendant Oestrike suffers from dementia and that he was not at the time mentally competent to stand trial under the standards enumerated in 18 U.S.C. § 4241(d). (Docket no. 9). Among other things, the order committed Defendant Oestrike to the custody of the Attorney General for a period not to exceed four months, and ordered a psychiatrist or psychologist to prepare and file written reports evaluating whether Defendant Oestrike will likely regain the mental capacity to proceed to trial in the foreseeable future. (Docket no. 9).

The January 28, 2010 order also provided that the period beginning with the filing of the government's original competency motion on October 7, 2009, and ending with the conclusion of the status hearing be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(1)(A), and that the period beginning the day after the conclusion of the status hearing and ending with the Court's ruling on Defendant's mental competency or with the lapse of thirty days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(J).

The Defendant was evaluated at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. On June 8, 2010 Warden Marty Anderson at the Springfield, Missouri medical center wrote a letter to the Court stating that it was the opinion of his clinical staff that Defendant's mental condition had not so improved as to permit the Defendant's trial to proceed, and that his mental condition is not likely to improve in the foreseeable future. Along with his letter, Warden Anderson submitted for the Court's consideration a Forensic Psychological Report. The Forensic Report includes a Competency Restoration Report prepared by Warden Anderson's staff on June 7, 2010

pursuant to 18 U.S.C. § 4241(d), and a Risk Assessment Review Repot dated June 2, 2010 which assesses whether Defendant meets the criteria for civil commitment under 18 U.S.C. § 4246. The Risk Assessment Review Report also includes a determination by the Bureau of Prison's Sex Offender Certification Review Board that Defendant does not meet the criteria for further review regarding potential commitment as a sexually dangerous person under 18 U.S.C. § 4248.

The Competency Restoration Report shows that it was the opinion of evaluators Robert L. Denney, Psy.D., Richard L. DeMier, Ph.D., and Tracy Thomas, M.A. that Defendant suffers from progressive dementia, he is not competent to stand trial, and he will not be restored to mental competence in the foreseeable future. Consequently, a risk assessment panel was convened to discuss whether the Defendant meets the criteria for civil commitment under 18 U.S.C. § 4246. Panel members included Chief of Psychology Randy Brandt, Ph.D., Staff Psychiatrist Edward Ulloa, M.D., and Supervisory Social Worker Dwayne Walker, M.S.W.

After interviewing the Defendant, reviewing his history and results of testing, and discussing the presence of risk factors for sexual offending, the panel members were in agreement that the Defendant's dementia caused the behavioral disinhibition which led to the events giving rise to the criminal charges. They also agreed that Defendant's dementia was progressive and likely to worsen over time. Even so, two members of the panel, Drs. Brandt and Ulloa, believed that the Defendant did not meet the commitment criteria under 18 U.S.C. § 4246. Drs. Brandt and Ulloa opined that the Defendant does not pose a substantial risk of bodily injury to others based in large part on the Defendant's lack of criminal or mental health history and on what they concluded was a limited number of applicable risk factors for sexual offending. Curiously, the report does not indicate that Drs. Brandt and Ulloa considered that Defendant met two of three dynamic risk factors, including

3

that the Defendant is estranged from his family and lacks social support, and that he shows deficits in self-management, impulse control, planning and organization, and attention and concentration, all of which increase the risk of sexual offending. Equally as curious, the report characterizes the victim as a female acquaintance of the Defendant and neglects to recognize that the seven-year-old victim was the grandchild of a female acquaintance.

In contrast, Mr. Walker, the third member of the panel and a Diplomat in Social Work, recommended the Defendant for civil commitment. Mr. Walker concluded that the Defendant is likely to offend sexually in the future based in part on the fact that the Defendant has progressive dementia and is currently charged with a sexual offense. Citing indicators of sexual deviance as a risk factor, Mr. Walker was persuaded in part by the large collection of adult pornography recovered from the Defendant's residence, some of which reportedly contained images of bestiality, and by the Defendant's alleged statement that his wife participated in bestiality. Mr. Walker also considered the facts that Defendant had a sexual relationship with a fifteen-year-old when he was nineteen-years-old, and that Defendant blamed the seven-year-old victim in this case, a trait common among sexual offenders. Finally, Mr. Walker was concerned about the absence of any plan for the Defendant to receive community support, the lack of supervision he would receive around children, and his lack of social or family support being that he was estranged from his sons.

Given the conclusions of the panel members, it was the majority panel opinion that the Defendant does not meet the criteria for civil commitment under 18 U.S.C. § 4246. However, because the recommendation was not unanimous, the panel recommended that the Defendant reside in a supported living/nursing home environment and that his mental condition continue to be assessed so that appropriate support can be offered.

4

On August 10, 2010 the Court conducted a hearing on the matter of Defendant's mental competency at which time counsel for Defendant moved pursuant to 18 U.S.C. § 4246(e) that Defendant be discharged from custody into the care and custody of his family and/or social welfare agencies. The government opposed the motion and urged the Court to adopt the opinion of Mr. Walker in the Risk Assessment Report. Because the parties had not made inquiries into the availability of suitable facilities for placement of the Defendant, and were generally unprepared to proceed with the hearing, the Court ordered the parties to brief the issue of discharge under 18 U.S.C. § 4246(e) and appear for a hearing on the motion on August 16, 2010.

The following day, on August 11, 2010, counsel for Defendant filed the instant Motion to Discharge Defendant Pursuant to 18 U.S.C. § 4246(e). (Docket no. 11). The government also filed a memorandum of law addressing the issues before the Court. As indicated, the Court conducted a hearing on the Defendant's motion on August 16, 2010. On that date the government provided the Court with a copy of an August 13, 2010 FBI report related to the incident giving rise to Defendant's Criminal Complaint. The FBI report states that the former President of the Germania Club in Brownstown, Michigan, to which Defendant once belonged, received a letter on or around April 20, 2010 from Defendant Oestrike. The letter describes the Defendant's version of the incident giving rise to his criminal charges and, of particular concern, blames the seven-year-old child for initiating the incident.

The Court was also provided with a Brownstown Police Report dated October 5, 2009 which reveals that Defendant Oestrike was accused in an unrelated incident of indecent exposure to a five-year-old on June 15, 2009. The report states that the Defendant allegedly lured the child to his home with promises of candy and exposed himself to the child on two occasions. Although no charges

5

were filed and the case was closed due to lack of evidence, the police report raises the issue of whether the events giving rise to the underlying criminal charge were isolated, and highlights the danger of discharging the Defendant to a living environment where he has unsupervised access to children.

At the conclusion of the August 16, 2010 hearing the Court found that the Defendant suffers from a progressive mental defect which is related to the conduct for which he is criminally charged. The Court further found by clear and convincing evidence that Defendant Oestrike presents a danger to the community based upon the diagnosis of progressive dementia. Defendant's Motion for Discharge was taken under advisement and counsel for Defendant was ordered to determine whether a suitable facility could be located in which the Defendant could be safely housed.

On September 16, 2010 the Court conducted a status conference to revisit the issue of placement for Defendant Oestrike. Along with the parties, attorney Matthew Zick was present at the status conference on behalf of Defendant's son, Tom Oestrike, and attorney Blaise Repasky was present at the request of a friend of Defendant Oestrike. Mr. Repasky represented to the Court that he would investigate whether Rivergate Nursing Home could safely and securely house the Defendant at their facility. On September 24, 2010 Mr. Repasky informed the government that the facility was unable to accommodate the requests of the Court and the needs of the Defendant. Mr. Repasky also informed the government that another facility, Aberdeen Nursing Home, was also unable to accommodate the Court's request. At the same time the government consulted with the United States Pretrial Services specialist, Craig Sims, who specializes in the field of mental health placement. Mr. Sims has informed the Court and the parties that there are no community facilities at which the Defendant could be placed that would secure the Defendant from harming himself or

others.

18 U.S.C. § 4246(e) requires that the facility director file a certificate in the court stating that the defendant has recovered from his mental disease or defect to such an extent that he is no longer dangerous to the others in the community. If, after a hearing on the matter of discharge, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person, the court must order that he be conditionally discharged. 18 U.S.C. § 4246(e).

The Court has not received a certificate from the Warden stating that the Defendant has recovered from his mental disease or defect such that he no longer presents a danger to the community. 18 U.S.C. § 4246(e). Instead, the undisputed evidence shows that Defendant Oestrike is suffering from a mental defect of dementia that is progressive and that is likely to continue to worsen over time. The evidence further shows that the Defendant's mental defect led him to engage in the acts which form the basis of his criminal charge. The Defendant is presently mentally incompetent to proceed with the trial and has no family or social support. Given the direct causal link between Defendant Oestrike's mental defect of progressive dementia and his alleged criminal behavior, and the fact that despite diligent efforts no suitable facility has been located either by Defendant's counsel or family, or by the resources available to this Court, the Court is left with no viable alternative but to deny Defendant's Motion for Discharge. The Court is strongly persuaded that without appropriate secure supervision and care Defendant Oestrike presents a substantial danger to the community. In the absence of a suitable facility, the Court is unable to conditionally

release the Defendant pursuant to 18 U.S.C. § 4246(e).  Accordingly, the Court will deny Defendant's Motion to Discharge and order that the Defendant be committed to the custody of the Attorney General for hospitalization and continued treatment pursuant to 18 U.S.C. § 4246(d).

**IT IS THEREFORE ORDERED** that Defendant Oestrike's Motion to Discharge Defendant Pursuant to 18 U.S.C. § 4246(e) (docket no. 11) is **DENIED**.  The Defendant is hereby committed to the custody of the Attorney General for hospitalization and continued treatment in a secure facility pursuant to 18 U.S.C. § 4246(d).


Dated: October 5, 2010　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　United States Magistrate Judge



## PROOF OF SERVICE

　　　I hereby certify that a copy of this Order was served upon Counsel of Record and the United States Marshal Service on this date.

Dated: October 5, 2010　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　Case Manager